1  CHRISTIAN L. MOORE, ESQ., NSB 3777
   SARAH M. MOLLECK, ESQ., NSB 13830
2  **LEMONS, GRUNDY & EISENBERG**
   6005 Plumas Street, Third Floor
3  Reno, Nevada 89519
   Ph: (775) 786-6868;
4  Fax: (775) 786-9716
   clm@lge.net, smm@lge.net
5  *Attorneys for Plaintiff*

6             **UNITED STATES DISTRICT COURT**

7                    **DISTRICT OF NEVADA**

8
   ANN REISCH, an individual,                    Case No.: 3:20-cv-00474-RCJ-CLB
9
                  Plaintiff,
10
        v.
11                                                **STIPULATION REGARDING**
   NORTH AMERICAN VAN LINES, INC.,               **REMOTE DEPOSITIONS**
12 a foreign corporation; SIRVA WORLDWIDE,
   INC.   dba   SIRVA   WORLDWIDE
13 RELOCATION & MOVING, a foreign
   corporation; DIRECT CONNECT LOGISTIX,
14 INC., a foreign corporation; GLOBAL
   TRANSPORT GROUP, LLC, a foreign
15 corporation;   BELTMANN    GROUP
   INCORPORATED   dba   BELTMANN
16 RELOCATION GROUP, INC., a foreign
   corporation; inclusive,
17
                  Defendants.
18

19

20         Pursuant to Fed. R. Civ. P. Rule 30(b)(4), Plaintiff ANN REISCH, by and through her

21  undersigned counsel and Defendants NORTH AMERICAN VAN LINES, INC., SIRVA

22  WORLDWIDE INC., dba SIRVA WORLDWIDE RELOCATION AND MOVING, and

23  BELTMANN GROUP INCORPORATED, dba BELTMANN RELOCATION GROUP, INC.

24  (collectively, the "Parties") stipulate and agree to taking depositions by remote means as a result

25  of the ongoing COVID-19 pandemic in accordance with the following rules and procedures:

26         1.      The applicable Federal Rules of Civil Procedure and District of Nevada Local

27  Rules shall be followed at all times.

28

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

1

2. Remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of deposition on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

3. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, it is not necessary for the court reporter to be physically present with the witness whose deposition is being taken, so long as the court reporter has a clear connection and can accurately hear all parties at all times during the deposition. The court reporter's transcript shall constitute the official record.

4. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness remotely via the videoconference, which oath shall have the same force and effect as though administered in person in the United States. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on the video record.

5. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

6. If the deposition notice states that the deposition may be video recorded, the court reporter shall video record the deposition using the recording function of the videoconferencing platform. Alternatively, if a videographer is used and not present with the witness, the videographer may control the recording function of the platform. The court reporter or videographer shall also announce each time he/she has activated and deactivated the record function on the videoconferencing platform. If the court reporter controls the video recording, the Parties agree not to challenge the validity of the recordings because a videographer did not control the recordings.

7. Due to the altered pace of a remote deposition, the Parties agree to extend the on-record deposition time to 7.5 hours.

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

8.  The Parties agree to work together to schedule depositions for a mutually agreeable time. When agreeing to a time for the deposition, the parties will consider the time zone differences among the various participants.

9.  No other attendees other than the parties to the subject lawsuit, their respective counsel and support staff, and counsel for the witness, shall be allowed to participate in the remote deposition without prior consent of all counsel. This includes appearing individually within the video conference platform and/or being present within the room where the attendee is viewing the video conference deposition.

10. Unless otherwise agreed by the parties, the deponent, court reporter, and counsel for the parties will each participate in the videoconference deposition remotely and separately. Each person attending a deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each ensure their environment is free from noise and distractions. If the Parties agree, and if the witness or any other participant is unable to attend by videoconference despite reasonable best efforts to do so, that participant may appear telephonically (i.e., by audio only).  Nothing in this paragraph shall prevent anyone from participating in the videoconference deposition from the same location as their counsel should they decide to do so.

11. The witness and all counsel or parties appearing on the record shall state their appearances clearly for the record, and they shall not disable their cameras or go off camera during the deposition unless there is a break or unless they are necessarily appearing by telephone pursuant to Paragraph 12.

12. The witness will turn off his or her cell phone, smart watch, or similar device, when the deposition is on the record. Should the witness lose his or her connection during the deposition, the witness may use his or her cell phone as necessary to contact the court reporter and reestablish the connection, but shall turn his or her cell phone back off before going back on the record.

/ / /

/ / /

LEMONS, GRUNDY & EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

3

13. If background noise or feedback is a problem, the participants will mute their audio, except when examining the witness, voicing an objection, responding to an objection, providing information, or making a statement for the record.

14. The witness will be sitting close enough to the camera to detect facial expressions and other body language. The camera will be focused on the witness.

15. While the deposition is on the record, no person shall engage in a private conference with the witness in any way whatsoever, including through text messages, electronic mail, or any chat function, including the chat function of the videoconferencing system.

16. If a connection is lost, the parties will go off the record until the problem is resolved. A lost connection will not count toward the time limit for the length of the deposition.

17. The Parties will work collaboratively and in good faith with the court reporter to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a remote deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

18. Regarding the exchange and use of exhibits:

   (i) Unless otherwise agreed, counsel will provide deponent and opposing counsel with exhibits for the deposition at least one (1) hour before the start of the deposition.

   (ii) Counsel will endeavor to pre-mark exhibits and number them sequentially and will attempt to streamline the exchange and use of exhibits for remote depositions to avoid the exchange of duplicative exhibits.

   (iii) The purpose of this process is to attempt to streamline the exchange and use of exhibits: this process is not intended to provide prior disclosure or notice of potential deposition exhibits to the deponent or the other parties. No document

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

4

may be excluded from the deposition, and no objection may be made at the deposition, on the grounds that the document was not identified and circulated as provided in this Section.

(iv) Counsel may introduce exhibits electronically during the deposition, by using the court reporter's document-sharing technology, by using the screen sharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail. At the conclusion of the deposition, deposing counsel shall email to the court reporter all exhibits used by counsel and marked by the court reporter during the deposition.

(v) The witness, to the extent possible, should have a computer available to receive and view potential deposition exhibits.

19. The witness will read and sign his or her deposition and complete an errata sheet.

20. The Parties agree that this Stipulation and Order applies to remote depositions of nonparties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any non-party deposition shall provide this Stipulation to any counsel for any non-party under Rule 45 within a reasonable time before the date of the deposition. Counsel for the non-party should alert deposing Party of any issue complying with this stipulation no later than five (5) court days before the deposition.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LEMONS, GRUNDY & EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

5

21.  Counsel will work together, be willing to discuss suggestions or alternative methods conducting remote depositions, including the handling of exhibits, and be flexible in light of any safety or health concerns involving the Covid-19 pandemic.

**IT IS SO STIPULATED AND AGREED.**

DATED this 26th day of January, 2021.         DATED this 26th day of January, 2021.

**Lemons, Grundy & Eisenberg**                      **Lewis, Brisbois, Bisgaard & Smith LLP**

By */s/ Sarah M. Molleck, Esq.*                        By: */s/ Martin M. Manke, Esq.*
   Christian L. Moore, Esq.                                   Josh C. Aicklen, Esq.
   Sarah M. Molleck, Esq.                                    Martin M. Manke, Esq.
   6005 Plumas Street, Third Floor                      6385 South Rainbow Blvd. Suite 600
   Reno, Nevada 89519                                        Las Vegas, Nevada 89118
   Ph: (775) 786-6868;                                           Ph: (702) 693-4340
   Fax: (775) 786-9716                                          Fax: (702) 893-3789
   clm@lge.net                                                        Josh.aicklen@lewisbrisbois.com
   smm@lge.net                                                    Martin.manke@lewisbrisbois.com
   *Attorneys for Plaintiff Ann Reisch*                 *Attorneys for Defendants*
                                                                              *North American Van Lines, Inc., SIRVA Worldwide, Inc. dba SIRVA Worldwide Relocation & Moving, and Beltmann Group Incorporated dba Beltmann Relocation Group*

IT SO ORDERED.

Dated:  January 28, 2021

_____
UNITED STATES MAGISTRATE JUDGE

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

**CERTIFICATE OF ELECTRONIC SERVICE**

Pursuant to F.R.C.P. 5(b), I certify that I am an employee of LEMONS, GRUNDY & EISENBERG, and that on January 26, 2021, I served a true and correct copy of the ***STIPULATION REGARDING REMOTE DEPOSITIONS*** on the party(s) set forth below by:

_____   **BY MAIL**:  in an envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Reno, Nevada, following ordinary business practices;

_____   **BY PERSONAL SERVICE**:  in an envelope to be hand delivered this date;

_____   **BY OVERNIGHT DELIVERY**:  in an envelope to be delivered to an overnight delivery carrier with delivery fees provided for;

_____   **BY FACSIMILE**:  by transmitting by facsimile to the respective fax telephone phone number(s);

___X___   **BY USING THE COURT'S EFS** which electronically served the following;

Josh Cole Aicklen, Esq.
Martin M. Manke, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV 89118
Josh.aicklen@lewisbrisbois.com
Martin.manke@lewisbrisbois.com

*Attorneys for Defendants*
*North American Van Lines, Inc.,*
*SIRVA Worldwide, Inc., and*
*Beltmann Group Incorporated*

          */s/ Lisa Wagner*
Lisa Wagner, Assistant to
Sarah M. Molleck, Esq.

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868